# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3990

_____

Quet Sledge,

        Appellant,

v.

Michael J. Astrue,
Social Security Commissioner,

        Appellee.

        Appeal from the United States
District Court for the Western
District of Missouri.

[UNPUBLISHED]

_____

Submitted: January 21, 2010
Filed: February 5, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Quet Sledge appeals the district court's[1] order affirming the denial of disability insurance benefits. Sledge alleged disability since January 2005 from degenerative joint disease, anxiety, and a bipolar disorder. After a September 2007 hearing, where Sledge was counseled, an administrative law judge (ALJ) determined that Sledge had engaged in substantial gainful activity until at least March 31, 2005; that her combined physical and mental impairments were severe, but alone or combined, they did not

_____

[1]The Honorable Fernando J. Gaitan, Chief Judge, United States District Court for the Western District of Missouri.

meet or equal the requirements of any listing; that her subjective complaints were not entirely credible; and that based on a vocational expert's response to the ALJ's hypothetical, Sledge's mental residual functional capacity (RFC) and physical RFC did not preclude her past relevant work as a data-entry worker, and further, she could perform specified unskilled sedentary jobs existing in substantial numbers. The Appeals Council denied review, and the district court summarily affirmed. Following de novo review of the record, see Davidson v. Astrue, 578 F.3d 838, 841-42 (8th Cir. 2009), we affirm.

Contrary to Sledge's primary assertions of error, we conclude that the ALJ gave good reasons for discounting the low global-assessment-of-functioning ratings of Sledge's treating mental health providers. See Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (ALJ may elect in certain circumstances not to give controlling weight to treating physician's opinion, as record must be evaluated as whole; for treating physician's opinion to have controlling weight, it must be supported by medically acceptable diagnostic techniques and not be inconsistent with other substantial evidence in case record; physician's own inconsistency may diminish or eliminate weight accorded to his opinion). We also conclude that the ALJ's mental RFC findings are supported by substantial evidence on the record as a whole. See Davidson, 578 F.3d at 844 (ALJ should determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of her limitations). We reject as meritless Sledge's other arguments for reversal. Accordingly, we affirm.

_____